Margarita GONZALEZ, Plaintiff–Appellant,

v.

Michael J. ASTRUE,* Commissioner of Social Security Administration, Defendant–Appellee.

No. 06–55183.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 17, 2007.**

Filed Nov. 2, 2007.

Fisher, Circuit Judge, filed dissenting opinion.

Stephanie M. Simpson, Esq., Northridge, CA, for Plaintiff–Appellant.

---

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhardt as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Leo R. Montenegro, Esq., Amita Baman Tracy, Esq., SSA–Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: PREGERSON, HAWKINS, and FISHER, Circuit Judges.

## MEMORANDUM \*\*\*

Margarita Gonzalez ("Gonzalez") appeals the district court's summary judgment grant affirming the decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income Disability Benefits under Title XVI of the Social Security Act. For the reasons that follow, we reverse the judgment of the district court.

Substantial evidence does not support the decision of the Administrative Law Judge ("ALJ"). The ALJ chose to disregard the opinion of Dr. Andre Jacobo, Gonzalez's treating, examining physician and based that disregard on the opinion of Dr. Albert Lizarraras, a non-treating, non-examining physician who assessed Gonzalez's disability prior to the issuance of Dr. Jacobo's report. *See Andrews v. Shalala,* 53 F.3d 1035, 1041 (9th Cir.1995) (holding that "clear and convincing reasons" are required to reject a treating physician's uncontradicted opinion). Even if we were to somehow treat the Jacobo opinion as contradicted, the ALJ did not provide the "specific and legitimate reasons ... supported by substantial evidence in the record" required to disregard a contradicted report. *Edlund v. Massanari,* 253 F.3d 1152, 1157 (9th Cir.2001).

Nor can Dr. Schweller's opinion constitute a "specific and legitimate reason" for disregarding Dr. Jacobo's opinion because it, too, was based on an examination conducted prior to Dr. Jacobo's opinion. Further, while the ALJ mentions Dr. Schweller's report in passing (along with the other medical reports), he does not cite Dr. Schweller's report as evidence in support of his decision to adopt Dr. Lizarraras's opinion.

Further, the ALJ's stated reasons for rejecting Gonzalez's testimony as to the severity of her pain are a pair of minor, non-material inconsistencies relating to her education and vehicle ownership. The ALJ's general belief of exaggeration finds no support in the record and is contradicted by the testimony of Gonzalez's daughter.

Finally, the ALJ applied the Medical–Vocational Guidelines (the "Grid"), which can only be applied if the claimant experiences no significant non-exertional limitations. *Polny v. Bowen,* 864 F.2d 661, 663 (9th Cir.1988). If, after properly considering Dr. Jacobo's report and Gonzalez's testimony on remand, Gonzalez's "nonexertional limitations are in themselves enough to limit h[er] range of work," the Grid would not be applicable and "the testimony of a vocational expert [would be] required to identify specific jobs within the claimant's abilities." *Id.* at 663–64.

The judgment of the district court is reversed and the matter remanded to the district court for it to remand to the Commissioner for proceedings consistent with

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

this disposition, including a redetermination of Gonzalez's entitlement to benefits.

**REVERSED and REMANDED.**

FISHER, Circuit Judge, dissenting:

I would affirm the district court's grant of summary judgment in favor of the Commissioner.

In addition to finding Dr. Lizarraras' functional assessment well-reasoned and consistent with the record, the ALJ provided other specific and legitimate reasons for discounting Dr. Jacobo's opinion that the majority does not address. These reasons are supported by substantial evidence in the record. Further, the ALJ also considered the opinion of Dr. Thomas Schweller, an examining medical consultant who opined that Gonzalez was capable of light level functioning with occasional limits in bending, stooping and squatting. Dr. Jacobo noted that he disagreed with the report from Dr. Schweller, thereby acknowledging that his opinion was contradicted. *See Edlund v. Massanari,* 253 F.3d 1152, 1157 ("if contradicted by another doctor, the testimony of a treating physician can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record") (internal quotation marks omitted).

The majority also overlooks some of the reasons the ALJ provided for finding Gonzalez not a credible witness. For example, the ALJ specified that Gonzalez answered questions in a less than forthcoming and evasive manner. The record supports this finding. The ALJ also noted that Gonzalez gave conflicting testimony in some instances, appeared to exaggerate her symptoms, has a poor work history and has shown little propensity to work during her lifetime, citing *Thomas v. Barnhart,* 278 F.3d 947 (9th Cir.2002). Additionally, the ALJ specified that Gonzalez's work as an agricultural laborer, albeit brief, was inconsistent with the alleged severity of impairment in her left leg. Even if we consider the evidence susceptible to another interpretation, we must uphold the ALJ's decision where, as here, his interpretation is rational. *See Andrews v. Shalala,* 53 F.3d 1035, 1039–40 (9th Cir.1995).

Finally, the ALJ did not err in applying the medical vocational guidelines because there is substantial evidence supporting his determination that Gonzalez could perform a full range of light work.

I respectfully dissent.